**UNITED STATES DISTRICT COURT,**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| BRYCE ABBINK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS, a Washington limited liability company,<br><br>Defendant. | Case No.<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Bryce Abbink ("Plaintiff" or "Abbink") brings this Class Action Complaint and Jury Demand ("Complaint") against Defendant Columbia Debt Recovery, LLC d/b/a Genesis ("Defendant" or "Genesis") to obtain redress for, and to put an end to, Defendant's serial violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act"). Specifically, Plaintiff files the instant action to put an end to the Defendant's practice of obtaining and using consumer reports absent any permissible purpose, and to obtain redress for all individuals injured by the Defendant's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief,

including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly protects consumers from disclosure of their personal information contained in their consumer reports. To that end, the Act prohibits obtaining and using a consumer report unless the report is obtained for a permissible purpose under the Act, and the prospective user has certified the purpose for which it is being obtained via a general or specific certification.

2. Defendant willfully violated the FCRA by procuring consumer reports from TransUnion LLC ("TransUnion") regarding consumers nationwide absent any permissible purpose. In this case, Defendant is in the business of debt collection, and specifically works to collect on supposed debts from rental tenants who rent(ed) from one of the nation's largest apartment operators, Greystar. As part of that process, Defendant obtains consumer reports regarding Greystar tenants whose information has been sent to Genesis for collection. But the FCRA does not permit Genesis to obtain consumer reports regarding Greystar tenants who entered into residential lease agreements. Indeed, residential leases are not "credit transactions" within the meaning of the Act. Therefore, Genesis's lacks any permissible purpose to obtain the reports under the FCRA.

3. As a result of Defendant's willful violations of the FCRA, Plaintiff Abbink and the members of the Class were deprived of their privacy rights guaranteed to them by federal law, and they are thus entitled to actual damages, statutory damages of at least $100 and not more than $1,000 for each willful violation, *see* 15 U.S.C. § 1681n(a)(1)(A), and punitive damages, together with attorneys' fees and costs as determined by the Court.

4. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit to put an end to Defendant's unlawful procurement of consumer reports regarding current and former Greystar tenants, and he seeks an award of actual and statutory damages to the members of the class,

CLASS ACTION COMPLAINT

- 2 -

Matesky Law PLLC
4500 9th Ave. NE, Suite 300
Seattle, WA 98105
Tel: 206.701.0331

punitive damages, together with costs, pre- and post- judgment interest, and reasonable attorneys' fees.

## JURISDICTION

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the FCRA, which is a federal statute. The Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), *et seq.* because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. Further, none of the exceptions to CAFA apply.

6. This Court has personal jurisdiction over Defendant because: (1) Defendant is headquartered in this District, (2) Defendant is organized in this State, and (3) Defendant conducts a significant amount of business in this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District, and because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## PARTIES

8. Plaintiff Bryce Abbink is a natural person and resident of Denver, Colorado.

9. Defendant Columbia Debt Recovery, LLC is a limited liability company organized and existing under the laws of the state of Washington with its principal place of business located at 906 SE Everett Mall Way, Suite 301, Everett, Washington, 98208.

## FACTS COMMON TO PLAINTIFF AND ALL CLASS MEMBERS

10. Defendant Genesis is a debt collector based in Everett, Washington, who regularly seeks to collect on consumer debts. Relevant here, Genesis seeks to collect debts from tenants and former tenants who executed lease agreements for rental properties. As part of its collection efforts, Genesis obtains consumer reports regarding consumers whose debts it seeks to collect absent any permissible purpose whatsoever.

CLASS ACTION COMPLAINT

- 3 -

Matesky Law PLLC
4500 9th Ave. NE, Suite 300
Seattle, WA 98105
Tel: 206.701.0331

11. Section 1681b(f) of the FCRA provides that "[a] person shall not use or obtain a consumer report for any purpose unless-- (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." Because Defendant was required to certify the purpose of its procurement of consumer reports, Defendant was on notice of and aware of its obligations under Section 1681b and other provisions of the FCRA.

12. In Plaintiff Abbink's case, he entered into a form residential lease agreement on February 10, 2020, to rent an apartment unit with EGMR Alameda Station LLC d/b/a Mason at Alameda Station, a Greystar Real Estate Partners, LLC ("Greystar") property, between February 18, 2020 and March 17, 2021.

13. The lease agreement required Plaintiff to make rental payments on the first day of each month with no grace period.

14. On or around August 30, 2023, Plaintiff received a notice from Genesis regarding an alleged debt that it was attempting to collect on behalf of Mason at Alameda Station and Greystar. Plaintiff did not owe this debt or any debt to Mason at Alameda Station or Greystar. Put simply, Plaintiff did not have an existing credit obligation that would permit Defendant to obtain his credit report.

15. On August 31, 2023, Genesis obtained Plaintiff's consumer report from TransUnion. On information and belief, Genesis obtained his report to be used to collect on a supposed debt resulting from Abbink's residential lease agreement with Greystar.

16. On information and belief, Defendant procured a consumer report regarding every class member whose debt it seeks to collect.

17. Plaintiff has no relationship with Defendant and never entered into a business transaction with Defendant.

18. Plaintiff never authorized Defendant to procure his consumer report.

19. Defendant procured consumer reports with respect to Plaintiff and the class members without any permissible purpose.

20. Defendant's procurement and use of Plaintiff's consumer report and every class member's consumer report for the purposes of collecting a debt arising from a residential lease agreement is not a permissible purpose enumerated under Section 1681b. Indeed, residential lease agreements are not "credit transactions" initiated by Plaintiff or other class members. As such, Defendant's procurement of consumer reports regarding Plaintiff and the Class violates Section 1681b(f) of the FCRA.

21. Defendant's conduct deprived Plaintiff and all class members of their privacy rights guaranteed by federal law. Thus, Defendant uniformly violated the rights of all Class members in the same way and, in the process, violated their privacy rights as delineated by Congress.

22. Because of Defendant's unlawful procurement of consumer reports, Plaintiff brings this suit, on behalf of himself and those similarly situated, to put an end to Defendant's repeated and widespread FCRA violations. Such violations entitle him, and other similarly situated persons, to statutory damages of not less than $100 and not more than $1,000 per violation, along with punitive damages to be determined by the Court.

23. As a result of Defendant's willful violations of the FCRA, Plaintiff Abbink and the members of the Class were deprived of their privacy rights guaranteed to them by federal law, and they are thus entitled to actual damages, statutory damages of at least $100 and not more than $1,000 for each willful violation, *see* 15 U.S.C. § 1681n(a)(1)(A), punitive damages, together with attorneys' fees and costs as determined by the Court.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and the Class defined as follows:

**Class:** All persons in the United States (1) from a date two years prior to the filing of

the initial complaint in this action to the date notice is sent to the Class; (2) about whom Defendant obtained a consumer report; (3) to collect a debt relating to any Greystar[1] residential lease agreement.

25. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, contractors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons.

26. Plaintiff anticipates the need to amend the class definition following a period of appropriate class-based discovery.

27. **Numerosity:** The exact numbers of members within the Class are unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has procured consumer reports regarding thousands of individuals that fall into the defined Class. The class members can be readily identified through objective criteria, including Defendant's records.

28. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class in that Plaintiff and the members of the Class sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the class members.

29. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class

---

[1] For the purposes of the class definition, "Greystar" includes all subsidiaries or related entities of Greystar Real Estate Partners, LLC.

1 actions, including class actions under the FCRA. Neither Plaintiff nor his counsel has any interest in conflict with or antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

30. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Class, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a. Whether Defendant's conduct described herein violated the FCRA;

    b. Whether Defendant possessed any permissible purpose to obtain Plaintiff's and the class members' consumer reports;

    c. Whether Greystar's residential lease agreements constitute "credit transactions" under the FCRA; and

    d. Whether Defendant has acted willfully.

31. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a certified class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## CAUSE OF ACTION
### Violation of 15 U.S.C. § 1681b, *et seq.*
### (On behalf of Plaintiff and the Class)

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. The FCRA provides that:

A person shall not use or obtain a consumer report for any purpose unless--

(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).

34. Defendant is a "person" as defined by the FCRA.

35. On August 31, 2023, Defendant procured a consumer report regarding Plaintiff as defined by 15 U.S.C. § 1681a(d).

36. During the relevant time period, Defendant procured consumer reports regarding all class members.

37. In violation of Section 1681b(f), Defendant did not possess any permissible purpose to obtain a consumer report regarding Plaintiff or any of the similarly situated class members.

38. On information and belief, Defendant procured consumer reports regarding Plaintiff and the class members to collect on debt arising out of residential lease agreements. This is not a permissible purpose under the Act because the debt does not arise from a "credit transaction".

39. Defendant's violations of 15 U.S.C. § 1681b(f) were willful for at least the following reasons:

    (i) The rule that consumer reports may only be obtained for a permissible purpose has been the law established for well over a decade;

    (ii) Case law dating back more than a decade has interpreted the relevant statutory definition of "credit" to exclude "residential lease agreements";

(iii) Defendant has repeatedly procured consumer reports for unlawful purposes for years;

(iv) Defendant was required to certify the permissible purpose for which it would obtain consumer reports to TransUnion before obtaining reports. As such, Defendant was on notice of and aware of its obligations under the FCRA;

(v) Defendant regularly engages counsel—therefore, it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities; and

(vi) Defendant profits off of its collection efforts and thus its use of class members' consumer reports on a repeated basis.

40. By accessing their consumer reports absent any permissible purpose, Defendant invaded the personal privacy of Plaintiff and every class member.

41. As such, Plaintiff and the Class seek damages under 15 U.S.C. § 1681n, *et seq.* Indeed, Plaintiff and the Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A), in addition to such amount of punitive damages that the court may allow plus attorneys' fees and costs.

42. In the alternative, Plaintiff and the Class seek actual damages under 15 U.S.C. § 1681o, *et seq.* Genesis acted negligently by procuring consumer reports absent a permissible purpose. As such, Genesis breached its duty of care to Plaintiff and the Class and this breach is the direct and proximate cause of Plaintiff's and the class members' damages. Plaintiff seeks actual damages in an amount to be proven at trial plus attorneys' fees and costs.

43. Accordingly, under the FCRA, Plaintiff and the Class seek statutory damages, punitive damages, reasonable costs and attorneys' fees, and such other relief as the Court deems necessary, reasonable, and just.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

B. An order finding that Defendant's actions constitute repeated and willful violations of the FCRA.

C. Awarding damages for violations of the FCRA, including statutory, punitive, and actual damages in amounts to be determined at trial.

D. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiff and the Class pre- and post- judgment interest to the extent allowable;

F. Such further and other relief as the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: April 22, 2024

**BRYCE ABBINK**, individually and on behalf of all others similarly situated,

By: /s/ *Michael P. Matesky, II*
    One of Plaintiff's Attorneys

MATESKY LAW PLLC
Michael P. Matesky, II
4500 9th Ave. NE, Suite 300
Seattle, WA 98105
Ph: 206.701.0331
Fax: 206.701.0332
Email: mike@mateskylaw.com;
litigation@mateskylaw.com

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300

CLASS ACTION COMPLAINT

- 10 -

Matesky Law PLLC
4500 9th Ave. NE, Suite 300
Seattle, WA 98105
Tel: 206.701.0331

Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

*Pro Hac Vice Application to be filed*